IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00056-BNB

DARIAN L. HUNTER,

    Plaintiff,

v.

TELLER COUNTY SHERIFF'S DEPARTMENT,

    Defendant.

ORDER DIRECTING APPLICANT TO FILE AMENDED COMPLAINT

    Plaintiff, Darian Hunter, is a prisoner in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado.  Mr. Hunter originally filed *pro se* a Prisoner Complaint (Doc. #2) asserting various claims against different groups of Defendants.  On January 10, 2012, the court entered an order (Doc. #1) severing the claims asserted against the misjoined Defendants, which resulted in the commencement of the instant action against the Defendant listed in the caption of this order.

    In order to avoid any confusion regarding the specific claims being asserted in this action, Mr. Hunter will be ordered to file an amended Prisoner Complaint that is limited to his claim or claims against the Defendant listed in the caption of this order.  Mr. Hunter is advised that his amended Prisoner Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hunter also is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Because Mr. Hunter is suing the Teller County Sheriff's Department as the Defendant in this action, the court notes that Mr. Hunter's claim or claims properly should be asserted against Teller County because the sheriff's department is not a separate entity from Teller County. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). The court also notes that, to the extent Mr. Hunter is asserting claims against Teller County, he must identify a municipal policy or custom that caused the alleged violations of his rights. *See Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010) (discussing Supreme Court standards for municipal liability). Mr. Hunter also must provide an address where the named

Defendant can be served.

Finally, the court notes that Mr. Hunter has not paid the filing fee for this action. Because Mr. Hunter was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in the original action from which his claims in this action were severed, he also will be granted leave to proceed *in forma pauperis* in this action. Pursuant to § 1915(b)(1), Mr. Hunter must pay the full amount of the required $350.00 filing fee regardless of the outcome of this action. Therefore, Mr. Hunter will be directed to make monthly payments in accordance with § 1915(b)(2) until the filing fee is paid in full. Accordingly, it is

ORDERED that Mr. Hunter file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order. It is

FURTHER ORDERED that Mr. Hunter shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Hunter fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Hunter shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month why he has no assets and no means by which to make the monthly payment. In order to show cause, Mr. Hunter must file a current certified copy of his trust fund account statement. Mr. Hunter is directed to make the necessary arrangements to have each monthly payment identified by the civil action

number on this order.  It is

     FURTHER ORDERED that if Mr. Hunter fails in any month either to have the required monthly payment sent to the clerk of the court or to show cause as directed above why he is unable to make the required monthly payment, the Prisoner Complaint will be dismissed without further notice.

DATED at Denver, Colorado, this 17th day of January, 2012.

                                      BY THE COURT:

                                      *s/Craig B. Shaffer*
                                      Craig B. Shaffer
                                        United States Magistrate Judge